## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff*, | Civil Action No. 2:20-cv-00119 |
| vs. | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD. and ONEPLUS MOBILE COMMUNICATIONS (GUANGDONG) CO., LTD., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AND JURY DEMAND

Plaintiff Fundamental Innovation Systems International LLC ("Plaintiff" or "Fundamental"), by and through its undersigned counsel, brings this action against Defendants OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus Technology") and OnePlus Mobile Communications (Guangdong) Co., Ltd. ("OnePlus Mobile") (collectively "Defendants" or "OnePlus") to prevent Defendants' continued infringement of Plaintiff's patents without authorization and to recover damages resulting from such infringement.

## PARTIES

1.      Plaintiff is a Delaware limited liability company with a place of business located at 2990 Long Prairie Road, Suite B, Flower Mound, Texas 75022.

2.      Plaintiff is the owner by assignment of all right, title, and interest in U.S. Patent Nos. 7,239,111 (the "'111 Patent"), 8,624,550 (the "'550 Patent"), 7,834,586 (the "'586 Patent"), 8,232,766 (the "'766 Patent"), and 8,169,187 (the "'187 Patent")  (collectively, the "Patents-in-Suit").

3.      On information and belief, Defendant OnePlus Technology is a corporation duly organized and existing under the laws of the People's Republic of China with a place of business at 18F, Block C, Shenye Tairan Building, Tairan Eight Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518048, China. OnePlus Technology is owned by OnePlus Mobile.

4.      On information and belief, Defendant OnePlus Mobile is a corporation duly organized and existing under the laws of the People's Republic of Chinese with a place of business at No. 9B, Zone SE2, 2/F, ChangRong International Hardware & Machinery Plaza, Zhen'an Zhong Road, Wusha Community, Changan Town, Dongguan City, Guangdong Province, China. OnePlus Mobile is owned by Guangdong Oujia Communication Technology Co., Ltd.

5.      On information and belief, Defendants directly and/or indirectly import, develop, design, manufacture, use, distribute, market, offer to sell and/or sell products and services in the United States, including in this district, and otherwise purposefully direct activities to the same.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants because they independently and collectively have solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

8.      On information and belief, Defendants have made, used, sold, offered for sale, and/or imported mobile devices that are alleged herein to infringe one or more of the patents set forth herein, and/or have placed such devices into the stream of commerce, which devices have been made, offered for sale, sold, and/or used in the State of Texas and within this judicial district.

9.     On information and belief, Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, as well as by others acting as Defendants' agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

10.     On information and belief, Defendants regularly transact and do business within this district, including advertising, promoting and selling products over the internet, through intermediaries, representatives and/or agents located within this judicial district, that infringe Fundamental's patents, which products are then sold and/or shipped directly to citizens residing within this State and in this judicial district. Upon further information and belief, Defendants have purposefully directed activities at citizens of this State including those located within this judicial district.

11.     On information and belief, Defendants have substantial, systematic, and continuous contacts with this judicial district.  On information and belief, Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and regularly conduct business in the State of Texas and in this judicial district.  On information and belief, Defendants have sold and offered to sell infringing products in this State and judicial district and have committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.  Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas.

12.     Alternatively, the Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2). This cause of action arises under federal law, Defendants are not subject to general jurisdiction in any one state, and the exercise of jurisdiction is consistent with the United States Constitution.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

Defendants are not residents in the United States, and thus may be sued in any judicial district, including this one.

14.     In December 2016, Plaintiff filed case no. 16-cv-01425 in this district against LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A. Inc., LG Electronics Mobile Research U.S.A. LLC, and LG Electronics Alabama, Inc., asserting infringement of, *inter alia*, the '111, '550, '586 and '766 Patents ("the LG Case").

15.     In December 2016, Plaintiff filed case no. 16-cv-01424 in this district against Huawei Investment & Holding Co., Ltd., Huawei Technologies Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc., asserting infringement of, *inter alia*, the '111, '550, '586 and '766 Patents ("the Huawei Case").

16.     In February 2016, Plaintiff filed case no. 17-cv-00145 in this district against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., asserting infringement of, *inter alia*, the '111, '550, '586, '766 and '936 Patents ("the Samsung Case").

17.     On January 31, 2018, this court issued an order in the Samsung Case construing claim terms in the '111, '550, '586, '766 and '936 Patents.

18.     On April 2, 2018, this court issued an order in the LG Case and Huawei Case construing claim terms in the '111, '550, '586, and '766 Patents.

19.     In view of the LG Case, Huawei Case and Samsung Case, this Court has substantial knowledge regarding the asserted patents, and principles of judicial economy further support venue in this District.

## FACTUAL ALLEGATIONS

### *The Patents-in-Suit*

20.     The Patents-in-Suit relate to, among other things, novel techniques for using Universal Serial Bus ("USB") in connection with mobile devices to both facilitate data communication and allow for the charging of certain classes of devices.  This technology represented a fundamental break from previous techniques for mobile device charging and has

provided for faster charging times, longer battery life, improved user experiences and a dramatic increase in performance and features.

21.     The Patents-in-Suit resulted from a large scale research and development program at Research In Motion Limited ("RIM"), later reorganized as BlackBerry Limited ("BlackBerry").  At the time of the inventions, RIM was a global leader and pioneer in the field of wireless mobile communications.  The company was founded in 1984 and revolutionized the mobile industry when it launched the BlackBerry® 850 in 1999.  Fundamental is responsible for protecting and licensing seminal BlackBerry innovations in the field of USB charging.

22.     The value of the inventions claimed by the Patents-in-Suit has been widely recognized.  Over thirty companies have taken licenses to the Patents-in-Suit, including many of Defendants' competitors.

### OnePlus' Accused Products and Infringement

23.     On information and belief, OnePlus makes, uses, sells, offers for sale and/or imports infringing mobile devices in the United States, including but not limited to the OnePlus 7T, OnePlus 7T Pro, OnePlus 7 Pro, OnePlus 7, OnePlus 6T, OnePlus 6, OnePlus 5T, OnePlus 5, OnePlus 3T, and OnePlus 3, and other models that include similar functionality ("Accused Mobile Devices").  On information and belief, OnePlus makes, uses, sells, offers for sale and/or imports infringing charging adapters for use with the Accused Mobile Devices in the United States, including but not limited to the OnePlus Warp Charge 30, OnePlus Warp Charge 30 Car Charger, OnePlus DC0504B5 GB, OnePlus DASH DC0504C1JH, OnePlus Warp Charge WC0506A5HK, and other models that include similar functionality ("Accused Charging Adapters").

24.     The Accused Mobile Devices and Accused Charging Adapters are referred to herein as "the Accused Products."

25.     The Accused Mobile Devices are mobile devices that include USB interfaces, USB communication paths and charging sub-systems that are operably connected to the USB interface.  The charging sub-systems are configured to receive power and use the power to

charge a battery.  The mobile devices are able to detect an identification signal received via the USB interface, which may be an abnormal USB data condition and is different than USB enumeration, such as a voltage on the D+ line and on the D- line of the USB communication path.  The identification signal enables the mobile device to draw current unrestricted by a USB specification limit.

26.    The Accused Charging Adapters are USB charging adapters that are designed to provide power to a mobile device.  The charging adapters include a Vbus line and a USB communication path.  The charging adapters are configured to generate an identification signal, such as a voltage on a D+ line and on a D- line, that indicates to the mobile device that it is receiving power from a source that is not a USB host or hub.  The charging adapters are able to supply current to a mobile device without regard to at least one associated condition specified in a USB specification. The Accused Charging Adapters also receive power from a power socket and include a power converter that regulates the received power to generate a DC power output.

### OnePlus' Knowledge of the Patents-in-Suit and Infringement

27.    On or around July of 2016, Fundamental communicated to OnePlus notice of infringement of a number of patents available for license.  Fundamental also provided OnePlus with exemplary claim charts demonstrating infringement on March 26, 2019.  Over the past nearly four years, OnePlus has not provided Fundamental with any basis for believing that it did not infringe the Patents-in-Suit.

28.    After having received notice of the Patents-in-Suit, OnePlus has continued to make, use, sell, offer for sale, and import into the United States the Accused Products.  OnePlus' making, using, selling, offering to sell and importing of the Accused Products into the United States constitute direct infringement under 35 U.S.C. § 271(a).  On information and belief, OnePlus also directly infringes one or more method claims in the Patents-in-Suit by testing, repairing, and using the Accused Products in the United States.

29.    After having received notice of the Patents-in-Suit, OnePlus has continued to make, use, sell, offer for sale, and import into the United States the Accused Products with

knowledge that these Accused Products are a material part of inventions claimed by the Patents-in-Suit and are especially made or adapted for use in an infringement of the Patents-in-Suit.  On information and belief, OnePlus knows that the Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.  OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).  For example, the Accused Products include battery charging adapters, which are a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process.  Furthermore, such components are a material part of the invention and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

30.     After having received notice of the Patents-in-Suit, OnePlus has continued to advertise and distribute the Accused Products, offer technical assistance, and publish user manuals, specifications, promotional literature or instructions to customers, partners, and/or end users, advising them to use the Accused Products in a manner that directly infringes the Patents-in-Suit.  On information and belief, by such acts, OnePlus actively induced, and continues to actively induce, direct infringement of the Patents-in-Suit, in violation of 35 U.S.C. § 271(b).  For example, OnePlus' customers who purchase the Accused Charging Adapter and operate the Accused Charging Adapters in accordance with instructions provided by OnePlus, directly infringe one or more claims of the Patents-in-Suit.  OnePlus provides such instructions through, for example, user guides, including user guides located at https://www.oneplus.com/support/manuals.

31.     On information and belief, OnePlus has further actively induced infringement by remaining willfully blind to its customers' infringement despite believing there to be a high probability its customers, among others, infringe the Patents-in-Suit.

**FIRST CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 7,239,111)**

32.     Fundamental re-alleges and incorporates by reference the allegations of the

preceding paragraphs of this Complaint as if fully set forth herein.

33.     The '111 Patent, titled "Universal Serial Bus Adapter for a Mobile Device," was duly and legally issued on July 3, 2007.  A true and correct copy of the '111 Patent is attached as Exhibit A.

34.     The '111 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

35.     The '111 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '111 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

36.     On information and belief, OnePlus has been, and currently is, directly infringing the '111 Patent by making, using, selling, offering to sell, and/or importing into the United States Accused Charging Adapters.   On information and belief, OnePlus' products infringe at least claim 1 of the '111 Patent.

37.     The Accused Charging Adapters are charging adapters that are able to provide power to a mobile device.  The products include a plug unit that can be plugged into an electrical socket to receive energy from the socket.  The Accused Charging Adapters include a power converter that converts the AC voltage from the electrical outlet to a 5.0v DC voltage that can be output from the charging adapter.



38.     The Accused Charging Adapters include an identification subsystem that is configured to generate an identification signal that consists of voltages on D+ and D- lines.

These voltages indicate to a mobile device that the power socket is not a USB host or hub.

39.    The Accused Charging Adapters also include a USB connector, e.g., a type A connector, that is coupled to the power converter through a Vbus line and to the identification subsystem.  The USB connector is configured to couple the power output and identification signal to a mobile device, through a USB cable.



40.    On information and belief, OnePlus has been, and currently is, inducing infringement of the '111 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Charging Adapters in the United States, or to import the Accused Charging Adapters into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that OnePlus' actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '111 patent.  OnePlus induces others to infringe the '111 Patent by encouraging and facilitating others to perform actions that OnePlus knows to be acts of infringement of the '111 Patent with intent that those performing the acts infringe the '111 Patent.

41.    On information and belief, OnePlus has been, and currently is, contributorily infringing the '111 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '111 Patent, are known by OnePlus to be especially made or

especially adapted for use in infringement of the '111 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Charging Adapters.  OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Charging Adapters, in violation of 35 U.S.C. § 271(c).

42.     As a result of OnePlus' infringement of the '111 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of OnePlus' wrongful acts in an amount to be determined.

43.     In addition, OnePlus' infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

44.     On information and belief, OnePlus has had actual knowledge of its infringement of the '111 Patent since no later than July 2016.  On information and belief, OnePlus' infringement of the '111 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,624,550)

45.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

46.     The '550 Patent, titled "Multifunctional Charger System and Method," was duly and legally issued on January 7, 2014.  A true and correct copy of the '550 Patent is attached as Exhibit B.

47.     The '550 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

48.     The '550 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '550 Patent, including the

exclusive right to seek damages for past, current and future infringement thereof.

49.     OnePlus has been, and currently is, directly infringing the '550 Patent by making, using, selling, offering to sell, and/or importing into the United States Accused Charging Adapters.  On information and belief, OnePlus' products infringe at least claim 1 of the '550 Patent.

50.     The Accused Charging Adapters are charging adapters that include a USB VBUS line and D+/D- lines that are a USB communication path.

     

51.     When connected to a mobile device, the Accused Charging Adapters generate voltages on the D+ and D- lines.

52.     The Accused Charging Adapters are configured to supply current on the VBUS line of greater than 500 mA, which is without regard to the current limits in the USB specification.

53.      On information and belief, OnePlus has been, and currently is, inducing infringement of the '550 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Charging Adapters in the United States, or to import the Accused Charging Adapters into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that OnePlus' actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '550 patent.  OnePlus induces others to infringe the '550 Patent by

encouraging and facilitating others to perform actions that OnePlus knows to be acts of infringement of the '550 Patent with intent that those performing the acts infringe the '550 Patent.

54.     On information and belief, OnePlus has been, and currently is, contributorily infringing the '550 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '550 Patent, are known by OnePlus to be especially made or especially adapted for use in infringement of the '550 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Charging Adapters.   OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Charging Adapters, in violation of 35 U.S.C. § 271(c).

55.     As a result of OnePlus' infringement of the '550 Patent, Fundamental has been damaged.   Fundamental is entitled to recover for damages sustained as a result of OnePlus' wrongful acts in an amount to be determined.

56.     In addition, OnePlus' infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

57.     On information and belief, OnePlus has had actual knowledge of its infringement of the '550 Patent since no later than July 2016.   On information and belief, OnePlus' infringement of the '550 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,834,586)

58.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

59.     The '586 Patent, titled "Multifunctional Charger System and Method," was duly and legally issued on November 16, 2010.  A true and correct copy of the '586 Patent is attached as Exhibit C.

60.     The '586 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

61.     The '586 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '586 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

62.     OnePlus has been, and currently is, directly infringing the '586 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Mobile Devices.   On information and belief, OnePlus' products infringe at least claim 1 of the '586 Patent.

63.     The Accused Mobile Devices are mobile devices that include a USB interface configured to allow reception of a USB cable through electrical connections in a connector on the device.



OP7T User Manuel, p. 12.

64.     For example, the Accused Mobile Devices can be connected to a computer

through a USB cable and communicate using the USB protocol:

**USB tethering**

To share your device's mobile data or Wi-Fi network with your computer via USB, follow the steps below:

1. Connect your phone to your computer with a USB cable

2. Select the USB connection method as **USB tethering** in the control center.

* Some computers may need Android RNDIS driver to be installed separately.

OP7T User Manuel, p. 34.

65.     The Accused Mobile Devices receive power on a Vbus line of the USB interface, which is operably connected to a charging subsystem that includes a power management chip and/or charging chip.  The charging subsystem is also connected to a battery and is configured to charge the battery using power supplied to the mobile device on the Vbus.

66.     The Accused Mobile Devices are capable of detecting an identification signal at a D+ and a D− data line of the USB interface, the identification signal being different than USB enumeration.  Specifically, when connected to a charging adapter, the Accused Mobile Devices detect voltages on the D+ and D- lines that are different than USB enumeration.

67.     On information and belief, OnePlus has been, and currently is, inducing infringement of the '586 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Mobile Devices in the United States, or to import the Accused Mobile Devices into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that OnePlus' actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '586 patent.  OnePlus induces others to infringe the '586 Patent by encouraging and

facilitating others to perform actions that OnePlus knows to be acts of infringement of the '586 Patent with intent that those performing the acts infringe the '586 Patent.

68.     On information and belief, OnePlus has been, and currently is, contributorily infringing the '586 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '586 Patent, are known by OnePlus to be especially made or especially adapted for use in infringement of the '586 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Mobile Devices.  OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Mobile Devices, in violation of 35 U.S.C. § 271(c).

69.     As a result of OnePlus' infringement of the '586 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of OnePlus' wrongful acts in an amount to be determined.

70.     In addition, OnePlus' infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

71.     On information and belief, OnePlus has had actual knowledge of its infringement of the '586 Patent since no later than July 2016.  On information and belief, OnePlus' infringement of the '586 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,232,766)

72.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

73.     The '766 Patent, titled "Multifunctional Charger System and Method," was duly

and legally issued on July 31, 2012.  A true and correct copy of the '766 Patent is attached as Exhibit D.

74.     The '766 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

75.     The '766 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '766 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

76.     OnePlus has been, and currently is, directly infringing the '766 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Mobile Devices.   On information and belief, OnePlus' products infringe at least claim 1 of the '766 Patent.

77.     The Accused Mobile Devices are mobile devices that include D+ and D- lines that are a USB communication path.



OP7T User Manuel, p. 12.

78.     The D+ and D- lines in the Accused Mobile Devices can be connected to a USB 2.0 port on a PC to communicate data with the PC.

**USB tethering**

To share your device's mobile data or Wi-Fi network with your computer via USB, follow the steps below:

1. Connect your phone to your computer with a USB cable

2. Select the USB connection method as **USB tethering** in the control center.

  * Some computers may need Android RNDIS driver to be installed separately.

OP7T User Manuel, p. 34.

79.     The Accused Mobile Devices also have a charging subsystem, which includes a power management chip and/or charging chip, that is enabled to draw current unrestricted by at least one predetermined USB Specification limit.  The enablement is in response to the detection of voltages on the D+ and D- lines.

80.     The voltages are an abnormal USB data condition because normal USB data conditions involve differential signaling, and not signals where both the D+ and D- are driven high.

81.     On information and belief, OnePlus has been, and currently is, inducing infringement of the '766 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Mobile Devices in the United States, or to import the Accused Mobile Devices into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that OnePlus' actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '766 patent.  OnePlus induces others to infringe the '766 Patent by encouraging and

facilitating others to perform actions that OnePlus knows to be acts of infringement of the '766 Patent with intent that those performing the acts infringe the '766 Patent.

82.     On information and belief, OnePlus has been, and currently is, contributorily infringing the '766 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '766 Patent, are known by OnePlus to be especially made or especially adapted for use in infringement of the '766 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Mobile Devices.  OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Mobile Devices, in violation of 35 U.S.C. § 271(c).

83.     As a result of OnePlus' infringement of the '766 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of OnePlus' wrongful acts in an amount to be determined.

84.     In addition, OnePlus' infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

85.     On information and belief, OnePlus has had actual knowledge of its infringement of the '766 Patent since no later than July 2016.  On information and belief, OnePlus' infringement of the '766 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,169,187)

86.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

87.     The '187 Patent, titled "Multifunctional Charger System and Method," was duly

and legally issued on May 1, 2012.  A true and correct copy of the '187 Patent is attached as Exhibit E.

88.     The '187 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

89.     The '187 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '187 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

90.     OnePlus has been, and currently is, directly infringing the '187 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Mobile Devices.  On information and belief, OnePlus' products infringe at least claim 1 of the '187 Patent.

91.     The Accused Mobile Devices are mobile devices that include a USB VBUS line and D+/D- lines that are a USB communication path.



OP7T User Manuel, p. 12.

92.     When connected to a charging adapter, the Accused Mobile Devices detect voltages on the D+ and D- lines.  Detection of the voltages enable the Accused Mobile Devices to draw current from the VBUS line at greater than 500 mA, which is without regard to the

current limits specified in the USB specification.

93.     On information and belief, OnePlus has been, and currently is, inducing infringement of the '187 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Mobile Devices in the United States, or to import the Accused Mobile Devices into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that OnePlus' actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '187 patent.  OnePlus induces others to infringe the '187 Patent by encouraging and facilitating others to perform actions that OnePlus knows to be acts of infringement of the '187 Patent with intent that those performing the acts infringe the '187 Patent.

94.     On information and belief, OnePlus has been, and currently is, contributorily infringing the '187 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '187 Patent, are known by OnePlus to be especially made or especially adapted for use in infringement of the '187 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Mobile Devices.  OnePlus' actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Mobile Devices, in violation of 35 U.S.C. § 271(c).

95.     As a result of OnePlus' infringement of the '187 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of OnePlus' wrongful acts in an amount to be determined.

96.     In addition, OnePlus' infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

97.     On information and belief, OnePlus has had actual knowledge of its infringement of the '187 Patent since no later than July 2016.  On information and belief, OnePlus' infringement of the '187 Patent has been and continues to be deliberate and willful, and,

therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## PRAYER FOR RELIEF

WHEREFORE, Fundamental prays for judgment against OnePlus as follows:

A.      That OnePlus has infringed, and continues to infringe, each of the Patents-in-Suit;

B.      That OnePlus pay Fundamental damages adequate to compensate Fundamental for OnePlus' infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

C.      That OnePlus be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

D.      That OnePlus be ordered to pay supplemental damages to Fundamental, including interest, with an accounting, as needed;

E.      That OnePlus' infringement is willful and that the damages awarded to Fundamental should be trebled;

F.      That this is an exceptional case under 35 U.S.C. § 285 and that OnePlus pay Fundamental's attorney's fees and costs in this action;

G.      That OnePlus be enjoined from directly and indirectly infringing the Patents-in-Suit; and

H.      That Fundamental be awarded such other and further relief, including other monetary and equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Fundamental hereby demands a trial by jury on all issues triable by jury.

Dated:  April 23, 2020

/s/ J. Mark Mann
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
Mann Tindel Thompson
300 W Main Street
Henderson, TX 75652
Tel:  (903) 657-8540
Fax: (903) 657-6003

Edward J. DeFranco (pro hac vice forthcoming)
eddefranco@quinnemanuel.com
Brian P. Biddinger (admitted in this District)
NY Bar No. 4479382
brianbiddinger@quinnemanuel.com
Joseph Milowic III (pro hac vice forthcoming)
NY Bar No. 4622221
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel. (212) 849-7000
Fax (212) 849-7100

Kevin P.B. Johnson (admitted in this District)
CA Bar No. 177129
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel. (650) 801-5000
Fax (650) 801-5100

Attorneys for Plaintiff Fundamental Innovation
Systems International LLC